Mr. Bratcher, you may proceed when you are ready. Thank you. May it please the court. This case comes from the Western District of Missouri and is also from Judge Sachs. And I want to talk a little bit about the issues and some about the facts of the case. The issue here is whether or not the doctrine of res judicata prevents the claim preclusion, prevents the lawsuit that was filed in federal court. Originally, there was a tort action filed in the state court in Missouri, and this stems from October of 2014, which was at that time the Royals were in the World Series, and that was a big deal in Kansas City. It had been 29 years since the Royals had been in a World Series. And Arthur Brown went to an entertainment district in downtown Kansas City called the Power and Light District. In the Power and Light District, there's a space that's outside, and then there are restaurants around and bars on the inside. And Mr. Brown was watching the game on the big screen, and he had a couple of drinks from one of the establishments. He went into one of the establishments, which is called O'Dowd's, to use the restroom. He was directed there. And as he was leaving, there were three men who told him to leave, that he was not welcome on the premises, that he needed to leave. They hurled racial insults at him, indicated they were employees of the Dubliner. And so Mr. Brown, who was suffering from melanoma and had sunglasses on, went to find some police officers so he could make a complaint. Instead of making a complaint against the employees of the Power and Light District, he was taken to the security unit. He was handcuffed to a chair. He overheard them talking about what they should do with him and whether or not he should be charged with trespass, even though he hadn't done anything that would warrant trespass. Ultimately, he was written up for trespass after he refused to sign a statement. That was dismissed. And he went to an attorney, Brian Bargenbrook, who filed a case for malicious prosecution, false imprisonment, assault, battery, and negligence. Unfortunately, in state court, Mr. Bargenbrook did not respond to discovery, did not respond to sanction motions, and the judge in state court dismissed the case with prejudice as a sanction because of the discovery and other abuses. There was no 1981 or discrimination case that was brought in state court. Section 1981, 42 U.S.C. Section 1981, is a statute that stems from the Civil Rights Act of 1866. It requires that a person to have a cause of action under that statute, that a person – it is based on race and it has to be in contract. Now, we brought this in federal court because it is a separate cause of action from the tort claims that were brought in state court. So, counsel, what I need to know is what underlying facts are different in this case than in the tort case? Your Honor, the facts – the underlying facts in the incident were the same. However, the facts necessary to prove the elements of the tort claims and necessary to prove the elements of the 1981 case are different. For battery, assault, malicious prosecution, there is no element that an individual needs to be discriminated against. There is no element that it has to be regarding a contract. Even though they were brought in the initial tort claims, they were not necessary for those tort actions. So, the actual proof is different. And with the doctrine of race judicata, there are four elements. One is the identity of the thing sued for. The second one is the identity of the cause of action. In some of the cases, say, whenever you could have brought an action, if you didn't bring it, then it's subject to race judicata. Now, but the Missouri courts, specifically Collins v. Burgs, indicates that you look specifically at the facts of each individual case. In this case, even though technically under Rule 67.01 there was a judgment on the merits because the rule says that a dismissal with prejudice is on the merits, Mr. Brown has never had an adjudication by a jury or a judge based on the underlying facts that occurred in the case. And there is a case that is not cited in the brief, and I will provide it as a 28-J letter, People Home Life Insurance v. Heike, which is 604 Southwest 2nd 1 in 1980 case. And in that case, that was a situation where, because of sanctions, one of the plaintiff's claim was dismissed with prejudice. And the court in that case indicated that the claim should not have been dismissed even though the plaintiff representative of two minor children who had a wrongful death action because of the murder of their mother, even though his answers to interrogatories were, to say the least, somewhat smart-alecky and not serious. The court did determine that that was not a judgment on the merits, and the children, after receiving a different guardian, was able to bring their case. Now, some of the courts talk about what is the identity of a cause of action. And as I said, in Collins v. Berg, you look at the individual facts of each of the cases. Now, this is an atypical case because most of the time when there's a decision in the lower courts or the first court, it's based on the merits, not based on somebody not complying with discovery. And in this case, the underlying decision was not, even though it was technically under the law based on the merits, it really wasn't based on the facts of the underlying case. Now, I see that I'm into my rebuttal time, and if there aren't any further questions, I'd like to save that time for rebuttal. Thank you. Thank you very much. Mr. Schultz. Good morning, Your Honors. John Schultz on behalf of the Appalese. May it please the Court. It is black-letter law that a valid final judgment bars future actions between the same parties on the same cause of action. This is true even if the subsequent action is based on a different theory or seeks a Here, the 1981 claim could have been brought in the state court. The 1981 claim that was filed in federal court had the same 32 operative facts set forth to support that cause of action as the 32 operative facts which were set forth in the Jackson County action. And that's the key to this case. Appellant's counsel proved with those 32 operative facts the 1981 claim in federal court, and she could have brought it, or a prior counsel could have brought it, in the state court. Simply because the 1981 count is different does not control this court's decision. The fact is, did the 1981 claim arise out of the same conduct, series of acts, or transactions? Do we apply Missouri race judicata law or do we apply some federal race judicata standard or does it make a difference? We believe that you apply Missouri race judicata law. That's our contention. So here, race judicata clearly applies. You have a court of competent jurisdiction, the Jackson County Circuit Court. You have a final judgment on the merits, and you have the same cause of action against the same parties and their privies. There's been a lot of talk in the argument by the appellant and in the briefing about the underlying sanction, but I respectfully submit to this court the underlying sanction should have nothing to do with this court's determination. We cite in our briefing the Greasel Conversions case, a Missouri case, which had a similar fact pattern to the underlying case here. There was a sanction for failing to respond to discovery. The sanction ended up in a final judgment, which was determined under Missouri law to be a final judgment on the merits. In our case, the Jackson County judge's dismissal was a final judgment on the merits, and you can't look behind that because if you start looking behind that and say, well, why was there a judgment, and do we agree that it's fair that this particular appellant has to live with the errors of his counsel, then you would have to look behind every jury verdict that results in a final judgment. You'd look behind every final judgment in the first case and use a subjective analysis, and that's not what this court or Judge Sachs did. You simply take the fact that you have the same 32 operative facts that resulted in a final judgment on the merits. You've got the same parties on both sides, and that results in res judicata. The Collins versus Berg reliance is really misplaced because Collins versus Berg involved two entirely different causes of action. The first case that was brought in federal court in Collins versus Berg alleged fraud, undue influence on a caretaker who had moved in with Collins' mother before she died, and there was allegations of changing the will, so on and so forth. In the second case in Collins versus Berg, that was filed in state court while the federal court case was pending, and that case was filed after there were certain letters written to the caretaker saying, get out of the house. The Collins owned the house. We want you out of the house, and if you don't leave, we consider it to be a trespass. After the caretaker wouldn't leave, she got sued for trespass. Those two set of operative facts happen on different times, different facts entirely, so it's completely inapplicable here. But most importantly, the reason Collins versus Berg is not controlling here is you had the state court cases proceeding simultaneously. In our case, the state court case had been dismissed with prejudice, and so the same analysis doesn't apply. Race judicata was never considered in Collins versus Berg because Collins versus Berg, both cases were still active, and so it doesn't support plaintiff's theory here. The other case of the two that the appellant relies on is Cohen versus Lupo. Securities fraud case, summary judgment for defendant, defendant moves for sanctions under Rule 11, gets $100,000 sanction. Then a second lawsuit is brought for malicious prosecution, and what the court found there was the second case could not have been brought at the time of the first case because one of the necessary elements of malicious prosecution is you won the first case, and so one necessarily had to follow the other. So again, Collins versus Lupo, not only different operative facts, but one had to follow the other. So neither of the cases that are cited by appellant in their brief support the position that they're advancing them for. There are several different parts of the appellant's briefing where they make the statement. The cause of action stems from different facts occurring that night. They say it on page 15 of their brief. They say it on page 16 of their brief, and they say it on page 6 of their reply brief. That's simply not the case. As the court has pointed out this morning, it's the same operative facts, word for word, number paragraph by number paragraph filed in both state and federal court, and therefore there's no other conclusion that these cases came out of an event that night. Those allegations were made in both cases, and as a result, since the state court case had been dismissed with prejudice on the merits, the federal 1981 case could not proceed, and we believe Judge Sachs correctly arrived at that decision. Counsel, let me ask you this. The 1981 claim, one of its elements is a particular state of mind. Is it not a particular state of mind by the culpable party? And that is some kind of racial or discriminatory animus? Yes, you're correct, Your Honor, and I believe- But now, isn't that a fact? Wouldn't that be a fact, wouldn't a trier of fact be called upon to decide whether that existed at a particular point in time, and wouldn't that be a distinction between the two, the 1981 claim and the common law tort claim that was brought earlier? I respectfully say no, Your Honor, for this reason. In fact, 21 that was pled in both state court and federal court, it says the men cursed at him, including the N word and two other obscenities. So what was pled in the Jackson County case supported a claim for 1981. You had the protected class, the plaintiff was black. Secondly, you had the discriminatory act, use of the N word. And third, interference with a protected activity, his right to be on that premise and have drinks watching the World Series game. So that's exactly why they filed the same 32 facts in federal court to support the 1981 as they had filed in the state court for the different torts. And so for that reason, we believe it arises out of the same operative fact. From a public policy standpoint, we believe public policy supports the decision Judge Sachs made and otherwise a litigant such as Mr. Brown could continue to refile causes of action after he loses using the same set of operative facts, but simply using a different theory. Instead of 1981, it could be 1983. Instead of 1983, it could be the tort of outrage. Instead of the tort of outrage, it could be name any number of potential causes of action. You could simply refile and refile and refile using a different moniker as the cause of action. Here, both cases were the same. We think race judicata applies and we respectfully request that Judge Sachs' decision be affirmed. Thank you, your honors. How much time does Ms. Ratcher have remaining? Two and a half minutes, Judge. You may proceed. Thank you, your honors. I want to talk a little bit about the verdict directors between section 1981 and the tort claims, the Missouri tort claims. And I did point out in the brief, the section 1981 verdict director, which tells what facts are necessary to be proved in order to have a cause of action. They are distinctly different than the verdict directors in the Missouri tort claims. And the Missouri has the Missouri approved instructions, which are mandatory to follow. And in none of those cases does it require discriminatory intent in the tort claims. Now, I want to talk a little bit more about what I think the real issue, as far as I'm concerned, the reason I got involved in this case and the real issue here is that an injustice was done to Mr. Brown and he's never had an opportunity to seek redress. Counsel, in that regard, isn't his predicament really caused by the fact that dismissal for the discovery violations was with prejudice rather than without prejudice? And that's why we have a claim preclusion, potentially. Well, potentially. And I think in this situation, we don't. But yes, the fact that his claims were dismissed with prejudice did provide harm to him. And it was based on what was done by his previous lawyer, who had not brought up a discrimination case. Now, in looking at the cases that talk about claim preclusion, most of them and the ones that talk about the identity of cause of action say that it can be the same operative facts that give rise to more than one cause of action. And as was in the Collins case, it was the same operative facts that gave rise to more than one cause of action. In this case, Section 1981 is markedly different from state court common law torts. And, Your Honors, on behalf of Mr. Brown, I request that you reverse and remand this case so that we can have a hearing on the Section 1981 claim. Thank you. All right. Thank you very much, Counsel. We appreciate your argument. And I believe that completes our counsel.